■ THE PEOPLE OF THE STATE OF NEW YORK v. HARRY LANZA.— Enlargement of time granted. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ In the Matter of IRWIN SLATER (Admitted to Bar under the Name of IRVING SLUTZKIN), an Attorney.— Motion to reargue the motion to confirm the report of the Special Referee and upon reargument to vacate the order disbarring respondent denied. Concur — Botein, P. J., Breitel, M. M. Frank, McNally and Bergan, JJ.

■ In the Matter of IRWIN SLATER (Admitted to the Bar under the Name of IRVING SLUTZKIN), an Attorney.— Motion for vacation of the order of disbarment entered on June 9, 1959, or for leave to appeal to the Court of Appeals denied, in all respects. Concur — Botein, P. J., Breitel, M. M. Frank, McNally and Bergan, JJ.

## (November 24, 1959)

■ CHARLES PACE, Respondent, v. FRANK PACE, Appellant, et al., Defendant.

Appeal from a judgment of the Supreme Court in favor of plaintiff, entered May 4, 1959, upon a decision of the court at a Trial Term, without a jury.

Judgment affirmed, with costs.

VALENTE, J. (dissenting.) A judgment has been entered annulling the transfer of 100 shares of stock of Ecap Holding Corporation from plaintiff, the father, to his son, the individual defendant. Although naturally sympathetic with the result, I cannot find in the record even prima facie evidence to support the finding of Special Term that the transfer of the stock was effectuated by reason of an abuse of a position of trust and confidence between father and son.

In the complaint it was sought to set aside the transfer upon the omnibus charge that it had been obtained by the son by "fraud, misrepresentation, undue influence, breach of trust, and breach of duty". Fraud will not be presumed, and if alleged must be proven (*Chemical Corn Exch. Bank* v. *Wassung*, 8 A D 2d 788). As a corollary, where there is a finding of fraud, it must be supported by clear evidence. Clearly, there was a complete failure to prove the elements of fraud in this case.

We recently said, in *Farano* v. *Stephanelli* (7 A D 2d 420, 424) that "proof of a conveyance to a party standing in a confidential relationship, on an oral agreement to hold for the transferor's benefit or to reconvey on his demand, may be the basis for the imposition of a constructive trust. (Restatement, Restitution, §§ 166, 182; 4 Pomeroy, Equity Jurisprudence [5th ed.], § 1056a.) "

But the instant case does not present the occasion for the imposition of a constructive trust. There is neither pleading nor proof of any oral promise to reconvey; nor did the trial court find a constructive trust.

The powers of a Court of Equity cannot be invoked to assist a donor of a gift who has had a change of heart. However, where a confidential relationship is the inducing cause of a transfer — claimed to be a gift — the court will probe into the question of any abuse of a confidential relationship to determine whether indeed a gift was intended or there was merely a transfer for convenience coupled with a promise to restore the property or to hold it in trust for the transferor. Then an oral promise, or conduct confirming an agreement to reconvey on demand, will satisfy the requirements for imposing a constructive trust.